**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-02143-WDM-KMT

UNISCOPE, INC., a Colorado Corporation,

        Plaintiff,

vs.

TEMBEC BTLSR, INC., a Delaware Corporation,
TEMBEC, INC., a Canadian Corporation,
TEMBEC INDUSTRIES, INC., a Canadian Corporation,
TEMBEC ENTERPRISES, INC., a Canadian Corporation,
TEMBEC CHEMICAL GROUP, a Canadian Corporation, and
TEMBEC RESIN GROUP, a Canadian Corporation,

        Defendants.

---

**PROTECTIVE ORDER**

---

        **THE COURT**, having received and reviewed the parties' Stipulated Motion for Protective Order, hereby grants the Stipulated Motion for Protective Order as follows:

        1.    In this action, the parties, Tembec BTLSR, Inc., Tembec, Inc., Tembec Industries, Inc., Tembec Enterprises, Inc., Tembec Chemical Group, Tembec Resin Group (collectively "Tembec"),[1] and Uniscope, Inc. ("Uniscope"), have sought and/or are seeking a Protective Order

---

[1] Tembec, Inc., Tembec Industries, Inc., Tembec Enterprises, Inc., Tembec Chemical Group, and Tembec Resin Group (the "Canadian Tembec defendants"), are Canadian corporations all of which were served with process in this matter on Wednesday, February 20, 2008, via The Hague Convention. Counsel for Tembec BTLSR will also be representing the Canadian Tembec defendants in this action. An amended Scheduling Order will need to be prepared once the Canadian Tembec defendants have appeared so that their interests and defenses can be considered, namely this Honorable Court's lack of personal jurisdiction over them. By agreeing to be bound to this Confidentiality Protective Order so that the parties may proceed with discovery, the Canadian Tembec defendants specifically reserve their right to raise the issue of lack of personal jurisdiction in this matter, and nothing herein shall be construed as a waiver of same.

for the purpose of assuring the confidentiality and protection of certain confidential and proprietary information that may be disclosed by Tembec and/or Uniscope in the course of their disclosures and discovery proceedings.

2. As used in this Order, the term "Confidential Information" includes information that is disclosed by Tembec and/or Uniscope to the other in the course of this action, which information is deemed in good faith by the disclosing party to be confidential or proprietary and which has been designated as "Confidential" or "Attorneys' Eyes Only" in one or more of the following or more of the following ways:

    a. Information set forth in an answer to an interrogatory may be so designated by including a clear statement in the answer that the answer is "Confidential" or "Attorneys' Eyes Only."

    b. Information set forth in an answer to an interrogatory may be so designated by including a clear statement in the answer that the answer is "Confidential" or "Attorneys' Eyes Only."

    c. Information contained in any document or part thereof may be so designated by marking the word "Confidential" or "Attorneys' Eyes Only" on each page of the document and all copies of it delivered to the opposing party or its counsel or by giving written notice to the opposing party's counsel, describing the document or part thereof either specifically or by category.

d. Information contained in an answer to any question asked during an oral deposition may be designated "Confidential" or "Attorneys' Eyes Only" by a statement made on the record during the course of the deposition on the same day that the answer is given or by a writing served by first class mail within 10 business days of receiving the deposition transcript.

3. Confidential Information designated as "Confidential" that is disclosed by the parties during the course of their disclosures and discovery proceedings in this action:

a. Shall be used by each party, their counsel, any independent expert witnesses, advisors and consulting firms retained by either party only for purposes of this action.

b. Shall not be published to the general public in any form by either party, their counsel, any independent expert witnesses, advisors and consulting firms retained by either party, nor used by the parties, counsel, any independent expert witnesses, advisors and consulting firms retained by the parties for any business or commercial purposes.

c. Shall be disclosed by the parties or counsel only to the following persons insofar as it is reasonably necessary to the prosecution or defense of this action;

(1) A party and its employees, officers, and directors who have an actual need to know such information in connection with the prosecution or defense of this action;

(2) Attorneys of record for the party, including any attorneys employed by a law firm of record that represents the party and in-house counsel for a party;

(3) Secretarial, clerical, and paralegal personnel employed full-time or part-time by attorneys or a law firm that represents the party seeking the information;

(4) Independent expert witnesses, advisors, and consulting firms retained in connection with this action;

(5) Technical, secretarial, clerical or other personnel employed full-time or part-time by independent expert witnesses, advisors and consulting firms;

(6) Court reporters or stenographers engaged to record deposition testimony, and their employees; and

(7) Such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party.

4. A copy of this Protective Order, together with a copy of the Agreement to be Bound by Protective Order, which is attached as **Exhibit A**, shall be delivered to each person within category 4 of paragraph 3(c) above to whom a disclosure of Confidential Information is made, at or before the time of disclosure, and no disclosure shall be made to such person unless and until such person agrees to be bound by the provisions of this Protective Order by executing the Agreement to be Bound by Protective Order.

5. Confidential Information designated as "Attorneys' Eyes Only" that is disclosed by either party during the course of their disclosures and discovery proceedings in this action may be disclosed to any person listed in paragraph 3(c) of this Protective Order, with the exception of the persons listed in paragraph 3(c)(1) (a party, its employees, officers, and directors). With this exception, which does not apply to in-house counsel for a party, all other provisions of this Protective Order that apply to Confidential Information generally shall apply to information designated as "Attorneys' Eyes Only." The use of the designation "Attorneys' Eyes Only" shall be made only upon a good-faith assessment that the material covered by such designation represents business secrets of such a sensitive nature that its dissemination cannot adequately be covered by the protections set forth in paragraph 3 above.

6. Any counsel of record, in-house counsel for a party, staff, litigation assistant, expert consultant or expert witness who receives Confidential Information pursuant to this Protective Order may not disclose that information except to the persons designated hereinabove who agree to be bound by this Protective Order.

7. Secondary documents, including, but not limited to, notes, memoranda, analyses, and briefs that are prepared from any materials described herein that contain Confidential Information shall be treated in the same fashion as the underlying materials.

8. All Confidential Information and all materials, including without limitation documents, drawings, plans, specifications, models, apparatus, sketches, designs,

technical and other data and ideas relating to or embodying the Confidential Information, will remain the sole property of the disclosing party.

9. If the recipient of information designated as "Confidential" or "Attorneys' Eyes Only" disputes that such designation is appropriate, it may notify opposing counsel in writing that the information will not be treated as "Confidential" or "Attorneys' Eyes Only." This written notice shall identify the information to which the objection is made. The disclosing party will then have ten (10) business days from receipt of such notice to make a motion to the Court, or raise the issue with the Court using the procedure set out in the Court's local rules, seeking protection of the information at issue, during which time the parties and counsel shall continue to treat the information as "Confidential" or "Attorneys' Eyes Only," as designated. If no motion is made within the ten-day period described above, then the information shall no longer be considered "Confidential" or "Attorneys' Eyes Only" for the purposes of this Protective Order. If a motion is timely made, the recipient shall continue to treat the information as "Confidential" or "Attorneys' Eyes Only" until the motion is determined.

10. If a motion for protection of Confidential Information is brought, as described in paragraph 9 above, the burden of proof on such motion shall be on the party seeking protection.

11. The obligation of confidentiality under this Protective Order shall not apply to information (i) which is or has become public knowledge other than as a direct or indirect result of the information being disclosed in breach of this Protective Order (ii) which is

already known to the recipient prior to such disclosure or is disclosed to the recipient by a person having no duty of confidentiality with respect to such information; and (iii) to the extent that such disclosure is required by any law or regulation, any order of any court of competent jurisdiction or any competent judicial, governmental or regulatory body by law or by the rules or regulations of any recognized stock exchange or any securities or investment exchange, subject to paragraph 13 hereinafter.

12. The provisions of this Protective Order shall not be construed as preventing:

    a. Any disclosure of Confidential Information by the parties designating the information as such in any other action;

    b. Any disclosure of Confidential Information to any judge, law clerk, or employee of this Court for purposes of this action.

13. All Confidential Information subject to treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Confidential Information produced, shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2 and 7.3.

14. In the event of an inadvertent disclosure of Confidential Information by the recipient, the recipient shall promptly notify the disclosing party, in writing, within five (5) days of the disclosure.

15. The inadvertent production of information or documents by either party for inspection and copying shall not in itself be deemed to waive the right of the party to designate the information or documents as "Confidential" or "Attorneys' Eyes Only." In the event of such a designation, the recipient shall from that point forward treat the information or documents in accordance with the designation, subject to the provisions of paragraph 9 above.

16. In the event any of the parties' Confidential Information is the subject of or responsive to a subpoena or court order requiring its disclosure, the recipient of the subpoena or court order will provide immediate notice by telecopy or e-mail to the producing party through its counsel. The recipient of the subpoena or court order shall not object to the producing party's appearance to protect its interest in maintaining Confidential Information. The recipient of the subpoena or court order will not respond to any such subpoena or court order until the producing party has a reasonable opportunity to seek appropriate relief from the Court, including, but not limited to, a motion for a protective order.

17. Nothing in this Protective Order shall preclude a party from offering Confidential Information into evidence at the trial of this action.

18. Upon the final conclusion of this litigation, all Confidential Information supplied by either party, and all copies thereof, either shall be returned to the producing party or their counsel or shall be certified in writing to have been destroyed, or shall otherwise be disposed of as ordered by the Court.

19. This Protective Order is binding upon and inures to the benefit of the parties and their respective successors and permitted assigns.

**SO ORDERED** 14th day of March, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge